UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LLOYD GEORGE MAXWELL, | ) | CASE NO. 4:09 CV 1212 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CCA/BOP et al., | ) | |
| | ) | |
| Respondents. | ) | |

Pro se petitioner Lloyd George Maxwell filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against "CCA," the Bureau of Prisons(BOP), the United States of America, Warden Rushing of the Northeast Ohio Correctional Center (N.E.O.C.C.) and BOP employee Mrs. K. Edwards. He also filed Supplemental Authorities for Leave to Amend his Pleading under Federal Civil Rule 15(2)(c) [Dkt.#5.] Leave is granted to amend his pleading.

Mr. Maxwell, who is now incarcerated at the Federal Correctional Institute in Bastrop, Texas,[1] asserts this court's jurisdiction to grant eight months jail credit pursuant to 18

---

[1] At the time the above-captioned petition was filed, petitioner was incarcerated at N.E.O.C.C. See Cohen v. United States, 593 F.2d 766, 767 n. 2 (6th Cir.1979)(prisoner transfer does not affect court's 28 U.S.C. § 2241 subject matter jurisdiction).

U.S.C. § 3585(a)(b). Upon due consideration of the facts alleged, petitioner is not entitled to the relief he seeks, and the petition is dismissed.

## *Background*

Mr. Maxwell was indicted in the United States District Court for the Eastern District of Virginia and charged with conspiracy and attempt to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Sentenced by the court to a term of 240 months of imprisonment on November 12, 1993, petitioner appealed. The Fourth Circuit Court of Appeals affirmed his convictions and sentence in January 1995. See United States v. Maxwell, No. 93-5917, 1995 WL 32637 (4th Cir. Jan.27, 1995).

After reviewing the Sentence Monitoring Computation Data requested from prison staff, Mr. Maxwell questioned the BOP's calculation of jail credit from May 5, 1993 to November 11, 1993. While conceding that credit properly began from the date of his arrest on May 5, 1993, Mr. Maxwell argued credit should extend until January 4, 1994, when he was released from a detention center in Alexandria, Virginia to a federal prison.

On October 9, 2008, Mr. Maxwell filed an informal request for administrative remedy with the CCA staff. He requested an additional 23 days pre-sentence credit toward his sentence, maintaining the BOP incorrectly calculated the period for which he was entitled to receive credit. Prison staff responded to petitioner's request on October 28, 2008 and explained that petitioner's period of pre-sentence credit ended the day before the court imposed his federal sentence, or November 11, 1993. There is no indication petitioner further exhausted his administrative remedies.

## *Sentence Credit*

The authority to award sentence credit under § 3585(b) is granted by Congress to the

Attorney General rather than to the sentencing court. See United States v. Wilson, 503 U.S. 329, 334 (1992). The Attorney General's determination, however, remains subject to review by the federal district court following the exhaustion of administrative remedies. Id. at 335-36. See also United States v. Westmoreland, 974 F.2d 736, 737 (6th Cir.1992), cert. denied, 507 U.S. 1019 (1993). Although Mr. Maxwell aborted his efforts to exhaust his administrative remedies, it would be futile for him to complete the process because his claims clearly lack merit. See Reno v. Koray, 515 U.S. 50, 54-55 (1995)("[w]here exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court"); see also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 528 U.S. 846 (1999).

Under 18 U.S.C. § 3585(b), a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Koray, 515 U.S. at 50. Pre-sentence credit clearly extinguishes once the defendant is sentenced. There is no dispute Mr. Maxwell was sentenced on November 12, 1993. The fact that he was not immediately transferred to a BOP facility does not change the date on which his sentence commenced. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). Consistent with the statute, the BOP established the commencement date of Mr. Maxwell's sentence as November 12, 1993. Because petitioner began serving his current sentence on that date, he is not entitled to §3621 pre-sentence credit.

3

*Conclusion*

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 9/16/09*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE